**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| **JERRY JESSUP, et al.,** | |
| *Plaintiffs,* | |
| vs. | Case No. 04 05CV00627-WRW |
| **ALCOA, INC., et al.** | |
| *Defendants* | |

**ORDER REGARDING ATTORNEYS' FEES**

Now pending before the Court is the joint motion of Plaintiffs' counsel for an award of fees and costs [DOC #58]. Defendants (collectively, "ALCOA") have objected to the motion, arguing (i) the motion is barred by time under the applicable local rules, (ii) it does not meet the appropriate factors for award of attorneys' fees under the facts and circumstances of this case, and (iii) even if an award is made, the amount requested should be reduced for a variety of reasons.

A telephone hearing was conducted by the Court on July 5, 2006, during which the Court heard from all parties. After considering the oral arguments, as well the several briefs previously submitted on the question, the Court made the following rulings:

• Plaintiffs' motion, subject to the language which follows, is GRANTED. An award of fees and costs will be awarded Plaintiffs in an amount to be specified by subsequent order.

• The Court finds that the Plaintiffs are "prevailing parties" within the meaning of applicable case law. The larger dispute contested by the two sides was whether the Plaintiffs were entitled to "rule of 65" early retirement benefits. The Court answered that question in favor of the Plaintiffs. The Court ruled in favor of Alcoa on a related but separate issue of whether Plaintiffs

were also entitled to certain other benefits.

• In considering the appropriateness of awarding a fee, the Court considered a variety of factors, including, but not limited to, those five factors set forth in *Lawrence v. Westerhaus*.[1] To summarize the findings of the Court as expressed during the teleconference:

> ▸ Alcoa has not acted in bad faith. However,
>
> ▸ Alcoa has the ability to pay an award.
>
> ▸ The decision in Plaintiffs' favor sets a precedent and could have possible future effect regarding benefit decisions.
>
> ▸ The decision is in favor of only 10 individuals and does not appear to benefit others, although the decision is of some precedential value as referenced above.
>
> ▸ Regarding the relative merits of the parties' positions, though Alcoa has good arguments, the Court obviously is of the mind that the Plaintiffs' position on the dominant issue was the better one.

Therefore, based on the above the Court believes a fee award is justified under *Westerhaus* and its progeny.

• Alcoa has raised certain objections to specific time entries for which Plaintiffs' counsel seek compensation. Mainly, these involve attorney time arguably unrelated to litigation and spent seeking administrative relief and therefore not properly part of a fee petition. Other time entries objected to are for secretarial or paralegal time expended for work which is allegedly purely clerical in nature and therefore not subject to compensation. The parties agreed to attempt to stipulate to what time entries might be withdrawn from the petition and present to the Court an agreed figure for fees and costs no later than 5 p.m. on Wednesday, July 12, 2006. Should there remain any time entries which cannot be agreed to by that time, briefs on those subjects shall be due

---

[1]*Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984).

from both parties by that same deadline.

•      The Court reserves for a subsequent order the consideration of any time entries still in dispute after July 12, 2006.  The Court likewise reserves for a subsequent order the question of whether, or to what extent, Plaintiffs' overall fee award might be reduced by virtue of the fact that Plaintiffs did not prevail on one hundred per cent of the litigated issues which were before the Court.

•      Finally, once the amount of the fee award is determined, the Court will consider and enter further orders regarding the required bond by Alcoa, subject to further agreement or argument by the parties.

IT IS SO ORDERED this 10th day of July, 2006.

                                              /s/Wm. R. Wilson, Jr.
                                  UNITED STATES DISTRICT JUDGE